In the Matter of ISAAC B. REINHARDT, an Attorney, Respondent.

First Department, December 29, 1916.

Attorney at law censured — physical contest with court officers in presence of court.

Attorney at law censured for disorderly conduct before a city magistrate to whom he refused to give up a paper when ordered to do so and for physically defending his possession against court attendants and policemen.

DISCIPLINARY proceeding instituted by the Association of the Bar of the City of New York.

*Einar. Chrystie*, attorney [*George W. Whiteside* of counsel], for the petitioner.

*Joseph R. Truesdale*, attorney [*Howard Taylor* of counsel], for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in July, 1906. It is charged that in June, 1913, respondent began a divorce action on behalf of Leah Lipman against Joseph Lipman; that he personally served the summons and complaint, and requested Lipman not to contest the action and to allow plaintiff to obtain the divorce; that in July, 1913, respondent advised and again requested Lipman to allow the action to go undefended, and although Lipman insisted that he had never been guilty of adultery, respondent requested him to procure some friend to act as a witness on the trial to give false testimony tending to prove adultery on Lipman's part, and at the same time respondent requested one Conjor to appear as a witness and

give such false testimony. As to these charges, after reviewing the evidence, the learned referee reports: .

" The three main witnesses, Lipman, Conjor and the respondent, have all testified with a wealth of detail. The testimony of Lipman and Conjor on the one side and of the respondent on the other presents a sharp conflict, and the truth is difficult of satisfactory determination. If, as contended by the respondent, Lipman voluntarily agreed to furnish evidence of actual past adulteries in consideration of the withdrawal of the Nicolic charges, I am of the opinion that such facts, if brought to the attention of and approved by the court at the time of the trial of the action, would not constitute collusion. (*Dodge* v. *Dodge*, 98 App. Div. 85, 88.) If, on the other hand, the respondent was endeavoring to get Lipman to furnish false testimony (the only alternative of the supposition just above made) of alleged past adulteries and was undertaking to procure a divorce by that means, his acts would not only amount to an attempt to obtain a collusive divorce, but would also constitute the criminal offence by the respondent of an attempt at subornation of perjury."

The learned referee found that there was not sufficient evidence to justify the conclusion that respondent was guilty on these two main charges, and a careful reading of the record fails to satisfy us that the referee reached an erroneous conclusion.

The charges contained the further specifications:

" The respondent wrote and delivered to Lipman on that occasion [referring to the interview with Lipman and Conjor] a memorandum of the proposition made by the respondent to Lipman. Later on the same day the respondent demanded the return of this paper from Lipman, but Lipman declined to comply and the respondent then groundlessly caused Lipman to be arrested on the charge of having stolen this paper from the respondent, and after a hearing before a city magistrate on this complaint Lipman was discharged. While the parties were waiting in the court room for the magistrate to hear the case the respondent by false pretenses obtained possession of the memorandum from Lipman's attorney, refused to obey the order of the magistrate to surrender the paper and only relinquished

possession of it after a fierce fight, in which it was necessary for the magistrate to enlist the services of five men, court attendants and policemen, who happened to be present, to subdue the respondent."

The facts in regard to this were as follows: In the divorce action an allowance of $5 a week and $25 counsel fee had been made to Mrs. Lipman. A motion for reargument had been made by Lipman. It was pending this motion that the meeting between respondent, Lipman and Conjor occurred. After considerable discussion Dr. Lipman took from his pocket one of his prescription blanks and gave it to respondent, who wrote thereon as follows:

> " per wk from 7/4/13 $8
> accrued from 4/26 to 7/4 $50
> to be paid $25 7/4 bal in
> 5 wkly instalments of $5.00 each.
> $8 to be pd till she marries.
> L to see baby once a week & have
> her one hour and participate in education
> & rearing of child.
> L to supply evidence of past adulteries
> & present action to be discontinued
> after entry of final decree.
> Counsel fee $150
> to be paid in monthly instalments
> of $50 each on the 15th of month."

This paper was then handed by the respondent to Dr. Lipman, who said he would have to show it to his attorney. Respondent then told him that if he wanted to do that he should make a copy of it; but that he, respondent, wanted to retain the original, Lipman testifying that respondent said the paper might be "dangerous" to him. Lipman refused to give the paper back, stating that with the paper in his possession he might prevent the respondent from "hounding" him any further. Upon Lipman's refusal to return the paper, respondent endeavored to have the headwaiter procure an officer and arrest Lipman but was unable to do so. Lipman and Conjor went out of the restaurant, followed by respondent, and they all boarded

a car. As the car approached the Brooklyn Bridge, a traffic officer entered the car and at the request of respondent arrested Lipman on a charge of grand larceny and took him to the station house, and later Lipman was arraigned before a magistrate in the First District City Magistrate's Court. After being arrested, Lipman telephoned his attorney, and Mr. Content appeared. While waiting for the magistrate to hear the complaint, the respondent asked Mr. Content to let him see the paper. Mr. Content handed it to him, and respondent crumpled it in his hand and refused to return it on request. The magistrate then ordered the return of the paper, but respondent refused to obey, and the magistrate directed the officers in the court room to forcibly take possession of the paper, which was done. The complaint against Lipman was dismissed after hearing respondent's testimony.

The learned referee concludes his report as follows: "He is guilty of gross misconduct in his office as an attorney and counsellor at law in not promptly obeying the order of Magistrate McQuade to surrender the paper (Petitioner's Exhibit 5), prior to the hearing of the complaint made against Dr. Lipman. That after a full and careful consideration of all the evidence, I find the respondent guilty of misconduct in his office as an attorney and counsellor at law."

The conclusions of the learned referee meet our approval. While the gravest of the charges made have been found not sufficiently proved, yet upon the whole case and upon the charges which have been specifically found proved, we think that respondent's conduct merits and requires that he should be and he hereby is censured.

LAUGHLIN, DOWLING, SMITH and PAGE, JJ., concurred.

Respondent censured. Order to be settled on notice.